10701

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE CINCINNATI INSURANCE
COMPANY,
6200 South Gilmore Road
Fairfield, Ohio 45014

        Plaintiff,

        vs.

DEVON INTERNATIONAL, INC.,
1100 First Avenue
King of Prussia, Pennsylvania 19406

 DEVON IT, INC.,
1100 First Avenue
King of Prussia, Pennsylvania 19406

DEVON INTERNATIONAL GROUP, INC.,
1100 First Avenue
King of Prussia, Pennsylvania 19406; and

DEVON INTERNATIONAL INDUSTRIES,
INC., F/K/A DEVON INTERNATIONAL
TRADING, INC.,
1100 First Avenue
King of Prussia, Pennsylvania 19406

        Defendants.

Civil Action No: _____

## COMPLAINT FOR DECLARATORY JUDGMENT

    AND NOW, comes the Plaintiff, The Cincinnati Insurance Company, by and through its

attorneys, Carpenter McCadden & Lane, L.L.P. and Michael J. McCadden, Esquire, and files the

following Complaint for Declaratory Judgment:

10701

## Identification of the Parties

1.      Plaintiff, The Cincinnati Insurance Company (hereinafter "CIC"), is an Ohio Corporation with a principal place of business at 6200 South Gilmore Road, Fairfield, Ohio 45014.

2.      Defendant, Devon International, Inc., is a Pennsylvania Corporation with a principal place of business at 1100 First Avenue, King of Prussia, Pennsylvania 19406.

3.      Defendant, Devon IT, Inc., is a Pennsylvania Corporation with a principal place of business at 1100 First Avenue, King of Prussia, Pennsylvania 19406.

4.      Defendant, Devon International Group, Inc., is a Pennsylvania Corporation with a principal place of business at 1100 First Avenue, King of Prussia, Pennsylvania 19406.

5.      Defendant, Devon International Industries, Inc., formerly known as Devon International Trading, Inc., is a Pennsylvania Corporation with a principal place of business at 1100 First Avenue, King of Prussia, Pennsylvania 19406.

6.      The Defendant, Devon International Industries, Inc., f/k/a Devon International Trading, Inc., owns the fictitious name, Devon Building Products.

7.      Upon information and belief, the Defendant, Devon International Industries, Inc., f/k/a Devon International Trading, Inc., is trading and/or has traded under the fictitious name "Devon Building Products."

## Jurisdiction

8.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 and 28 U.S.C. §2201.  The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Every issue of law and fact herein is wholly between citizens of different states.

10701

## General Allegations

9.     Multiple lawsuits have been filed by multiple plaintiffs in various jurisdictions against Devon International, Inc., Devon International Group, Inc., Devon International Industries, Inc., Devon International Trading, Inc., and the fictitious name "Devon Building Products" asserting claims for "bodily injury," "property damage," and/or other damages as a result of allegedly defective "Chinese Drywall" allegedly placed into the stream of commerce by Devon International, Inc., Devon International Group, Inc., Devon International Industries, Inc., Devon International Trading, Inc., and/or the fictitious name "Devon Building Products." These lawsuits are hereinafter referred to individually and collectively as the "underlying actions," and the plaintiffs in the "underlying actions" are hereinafter referred to as "Underlying Plaintiffs."

10.     With respect to the drywall allegedly supplied by the Defendants, Devon International, Inc., Devon International Group, Inc., and Devon International Industries, Inc., f/k/a Devon International Trading, Inc., t/d/b/a Devon Building Products, the underlying Plaintiffs allege that the drywall materials were defective when used for their intended purposes (hereinafter referred to as "the allegedly defective drywall").

11.     Certain Underlying Plaintiffs allege that the allegedly defective drywall materials emit a combination of sulfide gases which has damaged their real and personal property.

12.     Certain Underlying Plaintiffs seek damages for the repair and/or replacement of the allegedly defective drywall.

13.     Certain Underlying Plaintiffs also allege claims for unjust enrichment, disgorgement of profits, and seek other purely economic damages.

14.     Certain Underlying Plaintiffs also allege that exposure to the allegedly defective drywall can cause or has caused certain bodily injuries.

10701

15.     Certain Underlying Plaintiffs allege in the underlying actions that their damages from the allegedly defective drywall materials manifested themselves prior to November 20, 2008.

16.     Certain Underlying Plaintiffs have served discovery responses which indicate that their damages from the allegedly defective drywall materials manifested themselves prior to November 20, 2008.

17.     Defendants, Devon International, Inc., Devon International Group, Inc., Devon International Industries, Inc., f/k/a Devon International Trading, Inc., and the fictitious name "Devon Building Products," have demanded that CIC provide a defense to them in the underlying actions.

18.     In response, CIC has notified Devon International, Inc., Devon International Group, Inc., and Devon International Industries, Inc., f/k/a Devon International Trading, Inc., t/d/b/a the fictitious name "Devon Building Products," that no coverage may exist for some or all of the claims asserted against them in the underlying actions filed by the underlying plaintiffs.

19.     Reserving its rights to deny coverage, CIC has agreed to provide a defense to the Defendants, Devon International, Inc., Devon International Group, Inc., and Devon International Industries, Inc., f/k/a Devon International Trading, Inc., t/d/b/a the fictitious name "Devon Building Products," in the underlying actions.

### The CIC Policies

20.     For the policy period November 20, 2008, to November 20, 2009, and the policy period November 20, 2009, to November 20, 2010, CIC has provided Policy No. CPP 365 83 38 to Devon International, Inc.

10701

21.     For the policy period November 20, 2008, to November 20, 2009, and the policy period November 20, 2009, to November 20, 2010, CIC has provided Policy No. CPP 365 83 44 to Devon IT, Inc.

22.     Defendants, Devon International, Inc., Devon International Group, Inc., and Devon International Industries, Inc., formerly known as Devon International Trading, Inc., are not named insureds or insureds under CIC Policy No. CPP 365 83 44 issued to Devon IT, Inc.

23.     CIC Policy No. CPP 365 83 38 issued to Devon International, Inc. and CIC Policy No. CPP 365 83 44 issued to Devon IT, Inc. are hereinafter referred to collectively as "the CIC Policies."

24.     Both CIC Policies were issued in Pennsylvania, and their coverages, terms, conditions, and exclusions are governed by the laws of the Commonwealth of Pennsylvania.

25.     Both CIC Policies contain a Commercial General Liability ("CGL") Coverage Form and a Commercial Umbrella Liability ("Umbrella") Coverage Form.

26.     For the policy periods November 20, 2008 to November 20, 2009, and November 20, 2009 to November 20, 2010, the CGL Coverage Form of the CIC Policy No. CPP 365 83 38 issued to Devon International, Inc. is the "GA 101 12 04" Edition.

27.     For the policy periods November 20, 2008 to November 20, 2009, and November 20, 2009 to November 20, 2010, the CGL Coverage Form of the CIC Policy No. CPP 365 83 44 issued to Devon IT, Inc. is the "GA 101 12 04" Edition.

28.     A true and correct copy of the "GA 101 12 04" CGL Coverage Form contained in the CIC Policies is attached hereto as Exhibit "A."

10701

29.    For the policy periods November 20, 2008 to November 20, 2009, and November 20, 2009 to November 20, 2010, the Commercial Umbrella Liability Coverage Form of the CIC Policy No. CPP 365 83 38 issued to Devon International, Inc. is the "US 101 UM 12 04" Edition.

30.    For the policy periods November 20, 2008 to November 20, 2009, and November 20, 2009 to November 20, 2010, the Commercial Umbrella Liability Coverage Form of the CIC Policy No. CPP 365 83 44 issued to Devon IT, Inc. is the "US 101 UM 12 04" Edition.

31.    A true and correct copy of the "US 101 UM 12 04" Commercial Umbrella Liability Coverage Form contained in the CIC Policies is attached hereto as Exhibit "B."

32.    For the policy period November 20, 2008, to November 20, 2009, and the policy period November 20, 2009, to November 20, 2010, the CGL Coverage Part of CIC Policy No. 365 83 38 issued to Devon International, Inc. is subject to an "Each Occurrence Limit" of $1,000,000 and a "Personal and Advertising Injury Limit" of $1,000,000.

33.    For the policy period November 20, 2008, to November 20, 2009, and the policy period November 20, 2009, to November 20, 2010, the CGL Coverage Part of CIC Policy No. 365 83 38 issued to Devon International, Inc. is subject to a "General Aggregate Limit" of $2,000,000 and a "Products-Completed Operations Aggregate Limit" of $2,000,000.

34.    For the policy period November 20, 2008, to November 20, 2009, and the policy period November 20, 2009, to November 20, 2010, the Umbrella Liability Coverage Part of CIC Policy No. 365 83 38 issued to Devon International, Inc. is subject to an "Each Occurrence Limit" of $1,000,000 and a "General Aggregate Limit" of $1,000,000.

35.    For the policy period November 20, 2008, to November 20, 2009, and the policy period November 20, 2009, to November 20, 2010, the CGL Coverage Part of CIC Policy No.

365 83 44 issued to Devon IT, Inc. is subject to an "Each Occurrence Limit" of $1,000,000 and a "Personal and Advertising Injury Limit" of $1,000,000.

36.     For the policy period November 20, 2008, to November 20, 2009, and the policy period November 20, 2009, to November 20, 2010, the CGL Coverage Part of CIC Policy No. 365 83 44 issued to Devon IT is subject to a "General Aggregate Limit" of $2,000,000 and a "Products-Completed Operations Aggregate Limit" of $2,000,000.

37.     For the policy period November 20, 2008, to November 20, 2009, and the policy period November 20, 2009, to November 20, 2010, the Umbrella Liability Coverage Part of CIC Policy No. 365 83 44 issued to Devon IT, Inc. is subject to an "Each Occurrence Limit" of $1,000,000 and a "General Aggregate Limit" of $1,000,000.

**The Insuring Agreements of CIC CGL Policies and Related Policy Definitions**

38.     For each policy period, Section I – Coverage A of the CGL Coverage Form of the CIC Policies contains the following insuring agreement:

**COVERAGE A.  BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.      **Insuring Agreement**

a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

(1)     The amount we will pay for damages is limited as described in **SECTION III – LIMITS OF INSURANCE**; and

10701

(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under **SECTION I – COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY; SECTION I – COVERAGES, COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY;** or medical expenses under **SECTION I – COVERAGES, COVERAGE C. MEDICAL PAYMENTS**....

**b.** This insurance applies to "bodily injury" and "property damage" only if:

 (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

 (2) The "bodily injury" or "property damage" occurs during the policy period; and

 (3) Prior to the "coverage term" in which "bodily injury" or "property damage" occurs, you did not know, per Paragraph **1.d** below, that the "bodily injury" or "property damage" had occurred or had begun to occur, in whole or in part.

**c.** "Bodily injury" or "property damage" which:

 (1) Occurs during the "coverage term"; and

 (2) Was not, prior to the "coverage term", known by you, per Paragraph **l.d** below, to have occurred;

includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the "coverage term" in which it first became known by you.

**d.** You will be deemed to know that "bodily injury" or "property damage" has occurred at the earliest time when any "authorized representative":

 (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

 (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage";

10701

(3)     First observes, or reasonably should have first observed, the "bodily injury" or "property damage";

(4)     Becomes aware, or reasonably should have become aware, by any means other than as described in (3) above, that "bodily injury" or "property damage" had occurred or had begun to occur; or

(5)     Becomes aware, or reasonably should have become aware, of a condition from which "bodily injury" or "property damage" is substantially certain to occur.

e.     Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

39.     For each policy period, Section V – Definitions of the CGL Coverage Form of the CIC Policies defines the term "bodily injury" as follows:

4.     "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

40.     For each policy period, Section V – Definitions of the CGL Coverage Form of the CIC Policies defines the term "coverage term" as follows:

5.     "Coverage term" means the following individual increment, or if a multi-year policy period, increments, of time, which comprise the policy period of this Coverage Part:

a.     The year commencing on the Effective Date of this Coverage Part at 12:01 AM standard time at your mailing address shown in the Declarations, and if a multi-year policy period, each consecutive annual period thereafter, or portion thereof if any period is for a period of less than 12 months, constitute individual "coverage terms". The last "coverage term" ends at 12:00 AM standard time at your mailing address shown in the Declarations on the earlier of:

(1)     The day the policy period shown in the Declarations ends; or

(2)     The day the policy to which this Coverage Part is attached is terminated or cancelled.

10701

> **b.** However, if after the issuance of this Coverage Part, any "coverage term" is extended for an additional period of less than 12 months, that additional period of time will be deemed to be part of the last preceding "coverage term".

41. For each policy period, Section V – Definitions of the CGL Coverage Form of the CIC Policies defines the term "occurrence" as follows:

> **16.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

42. For each policy period, Section V – Definitions of the CGL Coverage Form of the CIC Policies defines the term "property damage" as follows:

> **20.** "Property damage" means:
>
> **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.
>
> For the purposes of this insurance, "electronic data" is not tangible property.

### The CIC Policies' CGL Policy Exclusions and **Related Policy Definitions**

43. For each policy period, Coverage A of Section I of the CGL Coverage Form of the CIC Policies is subject to the following exclusion in the Pennsylvania Amendatory Endorsement:

> **2.** **Exclusions**
>
> This insurance does not apply to:
>
> **a.** **Expected or Intended Injury**

10701

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

44.     For each policy period, the CGL Coverage Form of the CIC Policies contains the following exclusion:

> **2.     Exclusions**
>
> This insurance does not apply to:
>
>        ***
>
> **b.     Contractual Liability**
>
> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:
>
> (1)     That the insured would have in the absence of the contract or agreement; or
>
> (2)     Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.  When a claim for such "bodily injury" or "property damage" is made, we will defend that claim provided the insured has assumed the obligation to defend such claim in the "insured contract".  Such defense payments will not reduce the limits of insurance.

45.     For each policy period, the CGL Coverage Form of the CIC Policies contains the following exclusion:

> **2.     Exclusions**
>
> This insurance does not apply to:
>
>        ***
>
> **j.     Damage to Property**
>
> "Property damage" to:
>
>        ***

10701

> **(6)**     That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
>
> ***
>
> Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

46.     For each policy period, the CGL Coverage Form of the CIC Policies contains the following exclusion:

> **2.     Exclusions**
>
> This insurance does not apply to:
>
> ***
>
> **k.     Damage to Your Product**
>
> "Property damage" to "your product" arising out of it or any part of it.

47.     For each policy period, the CGL Coverage Form of the CIC Policies contains the following exclusion:

> **2.     Exclusions**
>
> This insurance does not apply to:
>
> ***
>
> **l.     Damage to Your Work**
>
> "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".
>
> This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

48.     For each policy period, the CGL Coverage Form of the CIC Policies contains the following exclusion:

> **2.     Exclusions**
>
> This insurance does not apply to:

10701

***

**m.**  **Damage to Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)**  A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)**  A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

49.     For each policy period, the CGL Coverage Form of the CIC Policies contains the following exclusion:

**2.**  **Exclusions**

This insurance does not apply to:

***

**n.**  **Recall of Products, Work or Impaired Property**

Any liability or damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**(1)**  "Your product";

**(2)**  "Your work"; or

**(3)**  "Impaired property";

if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

10701

50.   For each policy period, Section V of the CGL Coverage Form of the CIC Policies contains the following definition:

11.   "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

a.   It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

b.   You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

a.   The repair, replacement, adjustment or removal of "your product" or "your work"; or

b.   Your fulfilling the terms of the contract or agreement.

51.   For each policy period, Section V of the CGL Coverage Form of the CIC Policies contains the following definition:

12.   "Insured contract" means:

a.   A contract for a lease of premises.  However, that portion of the contract for a lease of premises that indemnifies any person or organization for "property damage" by fire or explosion to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

b.   A sidetrack agreement;

c.   Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad.

d.   An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

e.   An elevator maintenance agreement;

10701

**f.**  That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assumed the tort liability of another party to pay for "bodily injury", "property damage" or "personal and advertising injury" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph **f.** does not include that part of any contract or agreement:

**(1)**  That indemnifies a railroad for "bodily injury", "property damage" or "personal and advertising injury" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing;

**(2)**  That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

**(a)**  Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

**(b)**  Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage.

**(3)**  Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in Paragraph **(2)** above and supervisory, inspection, architectural or engineering activities;

**(4)**  That indemnifies an advertising, public relations or media consulting firm for "personal and advertising injury" arising out of the planning, execution or failure to execute marketing communications programs.  Marketing communications programs include but are not limited to comprehensive

10701

marketing campaigns; consumer, trade and corporate advertising for all media; media planning, buying, monitoring and analysis; direct mail; promotion; sales materials; design; presentations; point-of-sale materials; market research; public relations and new product development;

(5)     Under which the insured, if an advertising, public relations or media consulting firm, assumes liability for "personal and advertising injury" arising out of the insured's rendering or failure to render professional services, including those services listed in Paragraph (4), above;

(6)     That indemnifies a web-site designer or content provider, or Internet search, access, content or service provider for injury or damage arising out of the planning, execution or failure to execute Internet services.   Internet services include but are not limited to design, production, distribution, maintenance and administration of web-sites and web-banners; hosting web-sites; registering domain names; registering with search engines; marketing analysis; and providing access to the Internet or other similar networks; or

(7)     Under which the insured, if a website designer or content provider, or Internet search, access, content or service provider, assumes liability for injury or damage arising out of the insured's rendering or failure to render Internet services, including those listed in Paragraph (6), above.

52.     For each policy period, Section V of the CGL Coverage Form of the CIC Policies contains the following definition:

19.     "Products-completed operations hazard":

a.      Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1)     Products that are still in your physical possession; or

10701

    (2)    Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

        (a)    When all of the work called for in your contract has been completed; or

        (b)    When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site; or

        (c)    When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

        Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

    b.    Does not include "bodily injury" or "property damage" arising out of:

        (1)    The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

        (2)    The existence of tools, uninstalled equipment or abandoned or unused materials;

        (3)    Products or operations for which the classification, listed in the Declarations or in a schedule, states that products-completed operations are included.

53.    For each policy period, Section V of the CGL Coverage Form of the CIC Policies contains the following definition:

    25.    "Your product":

        a.    Means:

10701

        **(1)**    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

                **(a)**    You;

                **(b)**    Others trading under your name; or

                **(c)**    A person or organization whose business or assets you have acquired; and

        **(2)**    Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    **b.**    Includes:

        **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

        **(2)**    The providing of or failure to provide warnings or instructions.

    **c.**    Does not include vending machines or other property rented to or located for the use of others but not sold.

54.    For each policy period, Section V of the CGL Coverage Form of the CIC Policies contains the following definition:

    **26.**    "Your work":

        **a.**    Means:

            **(1)**    Work or operations performed by you or on your behalf; and

            **(2)**    Materials, parts or equipment furnished in connection with such work or operations.

        **b.**    Includes:

            **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

10701

      (2)     The providing of or failure to provide warnings or instructions.

## The CIC Umbrella Policies' Insuring Agreements and Related Policy Definitions

55.    For the policy period November 20, 2008, to November 20, 2009, and the policy period November 20, 2009, to November 20, 2010, Section I of the Umbrella Coverage Form of the CIC Policies contains the following Insuring Agreement:

    A.    **Insuring Agreement**

        1.    We will pay on behalf of the insured the "ultimate net loss" which the insured is legally obligated to pay as damages for "bodily injury", "personal and advertising injury" or "property damage" to which this insurance applies:

            a.    Which is in excess of the "underlying insurance"; or

            b.    Which is either excluded or not insured by "underlying insurance".

        2.    This insurance applies to "bodily injury", "personal and advertising injury" or "property damage" only if:

            a.    The "bodily injury", "personal and advertising injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

            b.    The "bodily injury" or "property damage" occurs during the policy period shown in the Declarations; or

            c.    The "personal and advertising injury" results from an "occurrence" that takes place during the policy period shown in the Declarations; and

            d.    Prior to the "coverage term" in which "bodily injury" or "property damage" occurs, or a "personal and advertising injury" offense is committed, you did not know, per Paragraph **5.** below, that the "bodily injury" or "property damage" had occurred or had begun to occur, in whole or in part, or that

10701

the "personal and advertising injury" offense had been committed or had begun to be committed, in whole or in part.

3.   "Bodily injury" or "property damage" which:

   a.   Occurs during the "coverage term"; and

   b.   Was not, prior to the "coverage term", known by you, per Paragraph **5.** below, to have occurred;

      includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the "coverage term" in which it first became known by you.

4.   "Personal and advertising injury" caused by an offense which:

   a.   Was committed during the "coverage term"; and

   b.   Was not, prior to the "coverage term", known by you, per Paragraph **5.** below, to have been committed;

      includes any continuation, change or resumption of that "personal and advertising injury" offense after the end of the "coverage term" in which it first became known by you.

5.   You will be deemed to know that "bodily injury" or "property damage" has occurred, or that a "personal and advertising injury" offense has been committed at the earliest time when any "authorized representative":

   a.   Reports all, or any part, of the "bodily injury", "personal and advertising injury" or "property damage" to us or any other insurer;

   b.   Receives a written or verbal demand or claim for damages because of the "bodily injury", "personal and advertising injury" or "property damage";

   c.   First observes, or reasonably should have first observed, the "bodily injury" or "property damage",

10701

              or the offense that caused the "personal and advertising injury";

**d.**    Becomes aware, or reasonably should have become aware, by any means, other than as described in **c.** above, that "bodily injury" or "property damage" had occurred or had begun to occur, or that the "personal and advertising injury" offense had been committed or had begun to be committed; or

**e.**    Becomes aware, or reasonably should have become aware of a condition from which "bodily injury", "personal and advertising injury" or "property damage" is substantially certain to occur.

**6.**    The amount we will pay for damages is limited as described in **SECTION III – LIMITS OF INSURANCE**.

56.    For each policy period, Section V – Definitions of the Umbrella Coverage Form of the CIC Policies defines the term "bodily injury" as follows:

**4.**    "Bodily injury" means bodily harm or injury, sickness, disease, disability, humiliation, shock, fright, mental anguish or mental injury, including care, loss of services or death resulting from any of these at any time.

57.    For each policy period, Section V – Definitions of the Umbrella Coverage Form of the CIC Policies defines the term "coverage term" as follows:

**5.**    "Coverage term" means the following individual increment, or if a multi-year policy period, increments, of time, which comprise the policy period of this Coverage Part:

**a.**    The year commencing on the Effective Date of this Coverage Part at 12:01 AM standard time at your mailing address shown in the Declarations, and if a multi-year policy period, each consecutive annual period thereafter, or portion thereof if any period is for a period of less than 12 months, constitute individual "coverage terms". The last "coverage term" ends at 12:00 AM standard time at your mailing address shown in the Declarations on the earlier of:

**(1)**    The day the policy period shown in the Declarations ends; or

10701

  **(2)** The day the policy to which this Coverage Part is attached is terminated or cancelled.

  **b.** However, if after the issuance of this Coverage Part, any "coverage term" is extended for an additional period of less than 12 months, that additional period of time will be deemed to be part of the last preceding "coverage term".

58. For each policy period, Section V – Definitions of the Umbrella Coverage Form of the CIC Policies defines the terms "occurrence" as follows:

  **16.** "Occurrence" means:

   **a.** an accident, including continuous or repeated exposure to substantially the same general harmful conditions, that results in "bodily injury" or "property damage"; or

   **b.** An offense that results in "personal and advertising injury".

   All damages arising from the same accident, continuous or repeated exposure to substantially the same general harmful conditions, act or offense shall be deemed to arise from one "occurrence" regardless of:

    **(1)** The frequency of repetition;

    **(2)** The number or kind of media used; or

    **(3)** The number of claimants.

59. For each policy period, Section V – Definitions of the Umbrella Coverage Form of the CIC Policies defines the term "property damage" as follows:

  **20.** "Property damage" means:

   **a.** Physical injury to or destruction of tangible property including all resulting loss of use. All such loss of use shall be deemed to occur at the time of the physical injury or destruction that caused it; or

   **b.** Loss of use of tangible property that is not physically injured. All such loss or use shall be deemed to occur at the time of the "occurrence" that caused it.

10701

## The CIC Umbrella Policies' Exclusions and Related Policy Definitions

60.     For each policy period, Section I of the Umbrella Coverage Form of the CIC

Policies is subject to the following exclusion:

**B.      Exclusions**

This insurance does not apply to:

\*\*\*

**3.      Contractual Liability**

Any liability for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for "bodily injury", "personal and advertising injury" or "property damage":

a.      That the insured would have in the absence of the contract or agreement; or

b.      Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury", "personal and advertising injury" or "property damage" occurs subsequent to the execution of the contract or agreement.

61.     For each policy period, Section I of the Umbrella Coverage Form of the CIC

Policies is subject to the following exclusion:

**B.      Exclusions**

This insurance does not apply to:

\*\*\*

**4.      Damage to Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

a.      A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

b.      A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

10701

> This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

62.    For each policy period, Section I of the Umbrella Coverage Form of the CIC Policies is subject to the following exclusion:

**B.    Exclusions**

This insurance does not apply to:

\*\*\*

**6.    Damage to Your Product**

"Property damage" to "your product" arising out of it or any part of it.

63.    For each policy period, Section I of the Umbrella Coverage Form of the CIC Policies is subject to the following exclusion:

**B.    Exclusions**

This insurance does not apply to:

\*\*\*

**7.    Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

64.    For each policy period, Section I of the Umbrella Coverage Form of the CIC Policies is subject to the following exclusion:

**B.    Exclusions**

This insurance does not apply to:

\*\*\*

**13.    Expected or Intended Injury**

10701

"Bodily injury" or "property damage" which may reasonably be expected to result from the intentional or criminal acts of the insured or which is in fact expected or intended by the insured, even if the injury or damage is of a different degree or type than actually expected or intended.

However, this exclusion does not apply to:

a.   "Bodily injury" resulting from the use of reasonable force to protect persons or property; or

b.   "Bodily injury" or "property damage" resulting from the use of reasonable force to prevent or eliminate danger in the operation of "autos" or watercraft.

65.   For each policy period, Section I of the Umbrella Coverage Form of the CIC Policies is subject to the following exclusion:

**B.   Exclusions**

This insurance does not apply to:

***

**18.   Recall of Products, Work or Impaired Property**

Any liability or damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

a.   "Your product";

b.   "Your work"; or

c.   "Impaired Property";

if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

66.   For each policy period, Section V – Definitions of the Umbrella Coverage Form of the CIC Policies defines the term "impaired property" as follows:

10701

11.   "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

    a.   It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

    b.   You have failed to fulfill the terms of a contract or agreement,

if such property can be restored to use by:

    a.   The repair, replacement, adjustment or removal of "your product" or "your work"; or

    b.   Your fulfilling the terms of the contract or agreement.

67.   For each policy period, Section V – Definitions of the Umbrella Coverage Form of the CIC Policies defines the term "insured contract" as follows:

12.   "Insured contract" means:

    a.   A contract for a lease of premises.  However, that portion of the contract for a lease of premises that indemnifies any person or organization for "property damage" by fire or explosion to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

    b.   A sidetrack agreement;

    c.   Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

    d.   An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

    e.   An elevator maintenance agreement;

    f.   That part of any other contract or agreement pertaining to your business, other than a contract or agreement pertaining to the rental or lease of any "auto", (including an

10701

indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury", "property damage" or "personal and advertising injury" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement; or

g.   That part of any contract or agreement entered into, as part of your business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay for "property damage" to any "auto" rented or leased by you or any of your "employees".

Paragraphs **f.** and **g.** do not include that part of any contract or agreement:

**(1)**   That indemnifies a railroad for "bodily injury", "property damage" or "personal and advertising injury" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing. However, if such liability is insured by valid and collectible "underlying insurance" as listed in the Schedule of Underlying Insurance, this Paragraph **(1)** shall not apply for such hazards for which insurance coverage is afforded by such "underlying insurance";

**(2)**   That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

**(a)**   Preparing, approving or failing to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

**(b)**   Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage;

10701

(3)    Under which the insured, if an architect, engineer or surveyor, assumes liability for injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in Paragraph **(2)** above and supervisory, inspection, architectural or engineering activities;

(4)    That indemnifies an advertising, public relations or media consulting firm for "personal and advertising injury" arising out of the planning, execution or failure to execute marketing communications programs. Marketing communications programs include but are not limited to comprehensive marketing campaigns; consumer, trade and corporate advertising for all media; media planning, buying, monitoring and analysis; direct mail; promotion; sales materials; design; presentations; point-of-sale materials; market research; public relations and new product development;

(5)    Under which the insured, if an advertising, public relations or media consulting firm, assumes liability for "personal and advertising injury" arising out of the insured's rendering or failure to render professional services, including those services listed in Paragraph **(4)** above;

(6)    That indemnifies a web-site designer or content provider, or Internet search, access, content or service provider for injury or damage arising out of the planning, execution or failure to execute Internet services. Internet Services include but are not limited to design, production, distribution, maintenance and administration of web-sites and web-banners; hosting web-sites; registering domain names; registering with search engines; marketing analysis; and providing access to the Internet or other similar networks;

(7)    Under which the insured, if a web-site designer or content provider, or Internet search, access, content or service provider, assumes liability for injury or damage arising out of the insured's rendering or failure to render Internet services, including those listed in Paragraph **(6)** above;

10701

> (8) That pertains to the loan, lease or rental of an "auto" to you or any of your "employees"; if the "auto" is loaned, leased or rented with a driver; or
>
> (9) That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of an "auto" over a route or territory that person or organization is authorized to serve by public authority.

68.   For each policy period, Section V – Definitions of the Umbrella Coverage Form of the CIC Policies defines the term "products-completed operations hazard" as follows:

> 19.   "Products-completed operations hazard":
>
> a.   Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
>
> > (1) Products that are still in your physical possession; or
> >
> > (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:
> >
> > > (a) When all of the work called for in your contract has been completed.
> > >
> > > (b) When all of the work to be done at the site has been completed, if your contract calls for work at more than one site.
> > >
> > > (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.
> >
> > Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.
>
> b.   Does not include "bodily injury" or "property damage" arising out of:

10701

    (1)    The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured; or

    (2)    The existence of tools, uninstalled equipment or abandoned or unused materials.

69.    For each policy period, Section V – Definitions of the Umbrella Coverage Form of the CIC Policies defines the term "your product" as follows:

    **28.**    "Your product":

    a.    Means:

    (1)    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

    (a)    You;

    (b)    Others trading under your name; or

    (c)    A person or organization whose business or assets you have acquired; and

    (2)    Containers (other than vehicles) materials, parts or equipment furnished in connection with such goods or products.

    b.    Includes:

    (1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of your product; and

    (2)    The providing of or failure to provide warnings or instructions.

    c.    Does not include vending machines or other property rented to or located for the use of others but not sold.

70.    For each policy period, Section V – Definitions of the Umbrella Coverage Form of the CIC Policies defines the term "your work" as follows:

10701

29.   "Your work":

     a.   Means:

         (1)   Work or operations performed by you or on your behalf; and

         (2)   Materials, parts or equipment furnished in connection with such work or operations.

     b.   Includes:

         (1)   Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

         (2)   The providing of or failure to provide warnings or instructions.

### Number of "Occurrences" Alleged by the Underlying Plaintiffs and When an "Occurrence" May Have Happened

71.    All of the claims in the underlying lawsuits against Devon International, Inc., Devon International Group, Inc., Devon International Industries, Inc., Devon International Trading, Inc., and the fictitious name "Devon Building Products" arise out of allegedly defective drywall placed into the stream of commerce by Devon International Industries, Inc., f/k/a Devon International Trading, Inc., t/d/b/a "Devon Building Products."

72.    The damages claimed in the underlying lawsuits against Devon International, Inc., Devon International Group, Inc., Devon International Industries, Inc., f/k/a Devon International Trading, Inc., and the fictitious name "Devon Building Products" all arise out of the same cause of loss, *i.e.* allegedly defective "Chinese Drywall" allegedly placed into the stream of commerce by Devon International Industries, Inc., f/k/a Devon International Trading, Inc., t/d/b/a "Devon Building Products."

73.    The defective drywall claims alleged by the underlying plaintiffs in the underlying actions do not involve multiple "occurrences."

10701

74.    Certain Underlying Plaintiffs allege in the underlying actions that their damages from the allegedly defective drywall materials manifested themselves prior to November 20, 2008.

75.    Certain Underlying Plaintiffs have served discovery responses which indicate that their damages from the allegedly defective drywall materials manifested themselves prior to November 20, 2008.

76.    The CIC Policies do not provide liability coverage for "property damage" and/or "bodily injury" which took place prior to the commencement of the first CIC policy period, *i.e.* November 20, 2008.

77.    In the event that the allegedly defective drywall caused the Underlying Plaintiffs to suffer "property damage" and/or "bodily injury" prior to the first CIC policy period, then no "occurrence" will have taken place during the "coverage terms" of the CIC Policies.

78.    In the event that the allegedly defective drywall caused the Underlying Plaintiffs to suffer "property damage" and/or "bodily injury," which was first manifested during a CIC policy period, only a single CIC policy period can be triggered.

79.    In the event that the allegedly defective drywall caused the Underlying Plaintiffs to suffer "property damage" and/or "bodily injury," which was first manifested during a CIC policy period, the maximum amount of liability coverage for covered damages, if any, under the CGL Coverage Form of CIC Policy No. CPP 365 83 38 issued to Devon International, Inc. will be $1,000,000.

80.    In the event that the allegedly defective drywall caused the Underlying Plaintiffs to suffer "property damage" and/or "bodily injury," which was first manifested during a CIC policy period, the maximum amount of liability coverage for covered damages, if any, under the

10701

Umbrella Coverage Form of CIC Policy No. CPP 365 83 38 issued to Devon International, Inc. will be $1,000,000.

### No Coverage for the Costs of Replacing and Repairing Defective Drywall

81.     In the underlying actions, the Underlying Plaintiffs seek damages as a result of repairing and/or replacing allegedly defective "Chinese Drywall" allegedly placed into the stream of commerce by Devon International, Inc., Devon International Group, Inc., Devon International Industries, Inc., Devon International Trading, Inc., and/or the fictitious name "Devon Building Products."

82.     For each policy period, the allegedly defective drywall at issue in the underlying actions falls with the definition of "your product" contained in the CGL Coverage Form and the definition of "your product" contained in the Umbrella Coverage Form of the CIC Policies.

83.     Exclusion "2.k" of the CGL Coverage Form of the CIC Policies precludes coverage for "property damage" to "your product."

84.     Exclusion "2.n" of the CGL Coverage Form of the CIC Policies precludes coverage for "liability or damages" incurred by others for the "loss of use, withdrawal, recall, inspection, repair, replacement, removal and disposal" of "your product."

85.     Exclusion "B.6" of the Umbrella Coverage Form of the CIC Policies precludes coverage for "property damage" to "your product."

86.     Exclusion "B.18" of the Umbrella Coverage Form of the CIC Policies precludes coverage for "liability or damages" incurred by others for the "loss of use, withdrawal, recall, inspection, repair, replacement, removal and disposal" of "your product."

87.     Damages relating to the repair and/or replacement of the allegedly defective drywall are excluded from the coverage afforded by the CIC Policies.

10701

### No Coverage for Purely Economic Damages

88.     Coverage A of Section I of the CGL Coverage Form of the CIC Policies is limited to "bodily injury" and "property damage" caused by an "occurrence."

89.     Coverage B of Section I of the CGL Coverage Form of the CIC Policies is limited to "personal and advertising injury."

90.     Section I of the Umbrella Coverage Form of the CIC Policies is limited to "bodily injury," "personal and advertising injury," and "property damage."

91.     The claims of certain Underlying Plaintiffs for unjust enrichment, disgorgement of profits, and other purely economic damages do not constitute claims for "bodily injury," "property damage," or "personal and advertising injury" within the meaning of the CGL Coverage Form of the CIC Policies.

92.     The claims of certain Underlying Plaintiffs for unjust enrichment, disgorgement of profits, and other purely economic damages do not constitute claims for "bodily injury," "property damage," or "personal and advertising injury" within the meaning of the Umbrella Coverage Form of the CIC Policies.

93.     The claims for unjust enrichment, disgorgement of profits, and other purely economic damages asserted by certain Underlying Plaintiffs are not covered by the CIC Policies.

### No Coverage for Punitive Damages

94.     In the underlying actions, the Underlying Plaintiffs seek both compensatory and punitive damages against the Defendants, Devon International, Inc., Devon International Group, Inc., and Devon International Industries, Inc., f/k/a Devon International Trading, Inc., t/d/b/a the fictitious name "Devon Building Products."

10701

95.     Under Pennsylvania law, the punitive damages claims alleged in the underlying actions are not covered by the CIC Policies.

<strong>COUNT I – CIC VS. DEVON INTERNATIONAL, INC.</strong>

96.     CIC hereby incorporates Paragraphs 1 through 95, inclusive, of the within Complaint for Declaratory Judgment with the same force and effect as if fully set forth at length herein.

97.     Defendant, Devon International, Inc., is not a named insured or an insured under CIC Policy No. CPP 365 83 44 issued to Devon IT, Inc.

98.     Defendant, Devon International, Inc., is not entitled to liability coverage for the defective drywall claims under CIC Policy No. CPP 365 83 44 issued to Devon IT, Inc.

99.     Damages relating to the repair and/or replacement of the allegedly defective drywall are excluded by the coverage afforded by CIC Policy No. CPP 365 83 38 issued to Devon International, Inc.

100.    Defendant, Devon International, Inc., is not entitled to liability coverage under CIC Policy No. CPP 365 83 38 for damages relating to the repair and/or replacement of the allegedly defective drywall.

101.    To the extent that the events which form the basis of the underlying claims against Devon International, Inc. do not arise out of an "occurrence" within the coverage afforded by the Insuring Agreement of Coverage A of Section I of the CGL Coverage Form of the CIC Policies, they are not covered by Coverage A of Section I of the CGL Coverage Form of the CIC Policies.

102.    To the extent that the events which form the basis of the underlying claims against Devon International, Inc. do not arise out of an "occurrence" within the coverage afforded by the Insuring Agreement of Section I – Coverage of the Umbrella Liability Coverage Form of the

10701

CIC Policies, they are not covered by Section 1 – Coverage of the Umbrella Coverage Form of the CIC Policies.

103.    In the event that the provisions of Subparagraphs b.(1), b.(2), and b.(3) of Paragraph 1 – Insuring Agreement of Coverage A – Bodily Injury and Property Damage Liability of Section I – Coverages of the CGL Coverage Form of the CIC Policies are not satisfied, the claims in the underlying actions are not covered by Coverage A of Section I of the CGL Coverage Form of the CIC Policies.

104.    In the event that the provisions of Subparagraphs 2.a, 2.b, 2.c, and 2.d of Paragraph A – Insuring Agreement of Section I – Coverage of the Umbrella Liability Coverage Form of the CIC Policies are not satisfied, the claims in the underlying actions are not covered by the Umbrella Liability Coverage Form of the CIC Policies.

105.    To the extent that the events which form the basis of the underlying plaintiffs' claims fall within Exclusion "2.a," the "Expected Or Intended Injury" exclusion in the Pennsylvania Amendatory Endorsement then no coverage will exist for said claims under Coverage A of Section I of the CGL Coverage Form of the CIC Policies.

106.    To the extent that the events which form the basis of the underlying plaintiffs' claims fall within Exclusion "2.j(6)," the "Damage to Property" exclusion under Coverage A of Section I of the CGL Coverage Form of the CIC Policies then no coverage will exist for said claims under Coverage A of Section I of the CGL Coverage Form of the CIC Policies.

107.    To the extent that the events which form the basis of the underlying plaintiffs' claims fall within Exclusion "2.l," the "Damage to Your Work" exclusion under Coverage A of Section I of the CGL Coverage Form of the CIC Policies, then no coverage will exist for said claims under Coverage A of Section I of the CGL Coverage Form of the CIC Policies.

10701

108.    To the extent that the events which form the basis of the underlying plaintiffs' claims fall within Exclusion "2.m," the "Damage to Impaired Property or Property Not Physically Injured" exclusion under Coverage A of Section I of the CGL Coverage Form of the CIC Policies, then no coverage will exist for said claims under Coverage A of Section I of the CGL Coverage Form of the CIC Policies.

109.    To the extent that the events which form the basis of the underlying plaintiffs' claims fall within Exclusion "2.n," the "Recall of Products, Work or Impaired Property" exclusion under Coverage A of Section I of the CGL Coverage Form of the CIC Policies then no coverage will exist for said claims under Coverage A of Section I of the CGL Coverage Form of the CIC Policies.

110.    To the extent that the events which form the basis of the underlying plaintiffs' claims fall within Exclusion "B.3," the  "Contractual Liability" exclusion, under Section I of the Umbrella Liability Coverage Form of the CIC Policies, then no coverage will exist for said claims under Section I of the Umbrella Liability Coverage Form of the CIC Policies.

111.    To the extent that the events which form the basis of the underlying plaintiffs' claims fall within Exclusion "B.13," the "Expected Or Intended Injury" exclusion, under Section I of the Umbrella Liability Coverage Form of the CIC Policies, then no coverage will exist for said claims under Section I of the Umbrella Liability Coverage Form of the CIC Policies.

112.    To the extent that the events which form the basis of the underlying plaintiffs' claims fall within Exclusion "B.4," the "Damage to Impaired Property or Property Not Physically Injured" exclusion, under Section I of the Umbrella Liability Coverage Form of the CIC Policies, then no coverage will exist for said claims under Section I of the Umbrella Liability Coverage Form of the CIC Policies.

10701

113.    To the extent that the events which form the basis of the underlying plaintiffs' claims fall within Exclusion "B.6," the "Damage to Your Product" exclusion, under Section I of the Umbrella Liability Coverage Form of the CIC Policies, then no coverage will exist for said claims under Section I of the Umbrella Liability Coverage Form of the CIC Policies.

114.    To the extent that the events which form the basis of the underlying plaintiffs' claims fall within Exclusion "B.7," the "Damage to Your Work" exclusion, under Section I of the Umbrella Liability Coverage Form of the CIC Policies, then no coverage will exist for said claims under Section I of the Umbrella Liability Coverage Form of the CIC Policies.

115.    To the extent that the events which form the basis of the underlying plaintiffs' claims fall within Exclusion "B.18," the "Recall of Products, Work or Impaired Property" exclusion under Section I of the Umbrella Liability Coverage Form of the CIC Policies then no coverage will exist for said claims under Section I of the Umbrella Liability Coverage Form of the CIC Policies.

WHEREFORE, the Plaintiff, CIC, respectfully requests that this Honorable Court enter a declaratory judgment as follows against Devon International, Inc.:

a.    No coverage exists for Devon International, Inc. under CIC Policy No. CPP 365 83 44 issued to Devon IT, Inc. for the defective drywall claims asserted by the Underlying Plaintiffs;

b.    No coverage exists for damages relating to the repair and/or replacement of the allegedly defective drywall under CIC Policy No. CPP 365 83 38 issued to Devon International, Inc.;

10701

c.  The claims for unjust enrichment, disgorgement of profits, and other purely economic damages asserted by certain Underlying Plaintiffs are not covered by the CIC Policies;

d.  The claims for punitive damages asserted by the Underlying Plaintiffs are not covered by the CIC Policies;

e.  The defective drywall claims alleged by the Underlying Plaintiffs in the underlying actions do not involve multiple "occurrences";

f.  In the event that it is determined that the allegedly defective drywall caused any one of the Underlying Plaintiffs to suffer "property damage" and/or "bodily injury" prior to the first CIC policy period, no "occurrence" will have taken place during the CIC Policies, and no coverage will exist for the underlying claims;

g.  In the event that it is determined that the allegedly defective drywall caused any one of the Underlying Plaintiffs to suffer "property damage" and/or "bodily injury" prior to the first CIC policy period, CIC has no obligation to indemnify Devon International, Inc. in the event that an Underlying Plaintiff or Co-Defendant recovers a judgment against it in the underlying actions.

h.  In the event that it is determined that the allegedly defective drywall caused any one of the Underlying Plaintiffs to suffer "property damage" and/or "bodily injury" prior to the first CIC policy period, CIC has no obligation to indemnify Devon International, Inc. in the event that a co-defendant recovers a judgment against it in the underlying actions;

10701

    i.    In the event that it is determined that the allegedly defective drywall caused any one of the Underlying Plaintiffs to suffer "property damage" and/or "bodily injury" prior to the first CIC policy period, no coverage exists under the CIC Policies;

    j.    In the event that it is determined that the allegedly defective drywall caused the Underlying Plaintiffs to suffer "property damage" and/or "bodily injury," which was first manifested during a CIC policy period, only a single CIC policy period will be triggered;

    k.    In the event that it is determined the allegedly defective drywall caused the Underlying Plaintiffs to suffer "property damage" and/or "bodily injury," which was first manifested during a CIC policy period, the maximum amount of liability coverage for covered damages, if any, under the CGL Coverage Form of CIC Policy No. CPP 365 83 38 issued to Devon International, Inc. will be $1,000,000.

    l.    In the event that it is determined the allegedly defective drywall caused the Underlying Plaintiffs to suffer "property damage" and/or "bodily injury," which was first manifested during a CIC policy period, the maximum amount of liability coverage for covered damages, if any, under the Umbrella Coverage Form of CIC Policy No. CPP 365 83 38 issued to Devon International, Inc. will be $1,000,000.

    m.    In the event that an Underlying Plaintiff or Co-Defendant recovers a judgment against Devon International, Inc. in the underlying actions, CIC has no obligation to indemnify Devon International, Inc. for "bodily

10701

injury" and/or "property damage" which is excluded from the coverage afforded by the CIC Policies; and

n.      Grant such other relief as this Honorable Court deems appropriate.

## COUNT II – CIC VS. DEVON INTERNATIONAL GROUP, INC.

116.    CIC hereby incorporates Paragraphs 1 through 115, inclusive, of the within Complaint for Declaratory Judgment with the same force and effect as if fully set forth at length herein.

117.    Defendant, Devon International Group, Inc., is not a named insured or an insured under CIC Policy No. CPP 365 83 44 issued to Devon IT, Inc.

118.    Defendant, Devon International Group, Inc., is not entitled to liability coverage for the defective drywall claims under CIC Policy No. CPP 365 83 44 issued to Devon IT, Inc.

119.    Damages relating to the repair and/or replacement of the allegedly defective drywall are excluded by the coverage afforded by CIC Policy No. CPP 365 83 38 issued to Devon International, Inc.

120.    Defendant, Devon International Group, Inc., is not entitled to liability coverage under CIC Policy No. CPP 365 83 38 for damages relating to the repair and/or replacement of the allegedly defective drywall.

121.    To the extent that the events which form the basis of the underlying claims against Devon International Group, Inc. do not arise out of an "occurrence" within the coverage afforded by the Insuring Agreement of Coverage A of Section I of the CGL Coverage Form of the CIC Policies, they are not covered by Coverage A of Section I of the CGL Coverage Form of the CIC Policies.

10701

122.    To the extent that the events which form the basis of the underlying claims against Devon International Group, Inc. do not arise out of an "occurrence" within the coverage afforded by the Insuring Agreement of Section I – Coverage of the Umbrella Liability Coverage Form of the CIC Policies, they are not covered by Section I – Coverage of the Umbrella Coverage Form of the CIC Policies.

123.    In the event that the provisions of Subparagraphs b.(1), b.(2), and b.(3) of Paragraph 1 – Insuring Agreement of Coverage A – Bodily Injury and Property Damage Liability of Section I – Coverages of the CGL Coverage Form of the CIC Policies are not satisfied, the claims in the underlying actions are not covered by Coverage A of Section I of the CGL Coverage Form of the CIC Policies.

124.    In the event that the provisions of Subparagraphs 2.a, 2.b, 2.c, and 2.d of Paragraph A – Insuring Agreement of Section I – Coverage of the Umbrella Liability Coverage Form of the CIC Policies are not satisfied, the claims in the underlying actions are not covered by the Umbrella Liability Coverage Form of the CIC Policies.

125.    To the extent that the events which form the basis of the underlying plaintiffs' claims fall within Exclusion "2.a," the "Expected Or Intended Injury" exclusion in the Pennsylvania Amendatory Endorsement then no coverage will exist for said claims under Coverage A of Section I of the CGL Coverage Form of the CIC Policies.

126.    To the extent that the events which form the basis of the underlying plaintiffs' claims fall within Exclusion "2.j(6)," the "Damage to Property" exclusion under Coverage A of Section I of the CGL Coverage Form of the CIC Policies then no coverage will exist for said claims under Coverage A of Section I of the CGL Coverage Form of the CIC Policies.

10701

127.    To the extent that the events which form the basis of the underlying plaintiffs' claims fall within Exclusion "2.l," the "Damage to Your Work" exclusion under Coverage A of Section I of the CGL Coverage Form of the CIC Policies, then no coverage will exist for said claims under Coverage A of Section I of the CGL Coverage Form of the CIC Policies.

128.    To the extent that the events which form the basis of the underlying plaintiffs' claims fall within Exclusion "2.m," the "Damage to Impaired Property or Property Not Physically Injured" exclusion under Coverage A of Section I of the CGL Coverage Form of the CIC Policies, then no coverage will exist for said claims under Coverage A of Section I of the CGL Coverage Form of the CIC Policies.

129.    To the extent that the events which form the basis of the underlying plaintiffs' claims fall within Exclusion "2.n," the "Recall of Products, Work or Impaired Property" exclusion under Coverage A of Section I of the CGL Coverage Form of the CIC Policies then no coverage will exist for said claims under Coverage A of Section I of the CGL Coverage Form of the CIC Policies.

130.    To the extent that the events which form the basis of the underlying plaintiffs' claims fall within Exclusion "B.3," the  "Contractual Liability" exclusion, under Section I of the Umbrella Liability Coverage Form of the CIC Policies, then no coverage will exist for said claims under Section I of the Umbrella Liability Coverage Form of the CIC Policies.

131.    To the extent that the events which form the basis of the underlying plaintiffs' claims fall within Exclusion "B.13," the "Expected Or Intended Injury" exclusion, under Section I of the Umbrella Liability Coverage Form of the CIC Policies, then no coverage will exist for said claims under Section I of the Umbrella Liability Coverage Form of the CIC Policies.

10701

132.    To the extent that the events which form the basis of the underlying plaintiffs' claims fall within Exclusion "B.4," the "Damage to Impaired Property or Property Not Physically Injured" exclusion, under Section I of the Umbrella Liability Coverage Form of the CIC Policies, then no coverage will exist for said claims under Section I of the Umbrella Liability Coverage Form of the CIC Policies.

133.    To the extent that the events which form the basis of the underlying plaintiffs' claims fall within Exclusion "B.6," the "Damage to Your Product" exclusion, under Section I of the Umbrella Liability Coverage Form of the CIC Policies, then no coverage will exist for said claims under Section I of the Umbrella Liability Coverage Form of the CIC Policies.

134.    To the extent that the events which form the basis of the underlying plaintiffs' claims fall within Exclusion "B.7," the "Damage to Your Work" exclusion, under Section I of the Umbrella Liability Coverage Form of the CIC Policies, then no coverage will exist for said claims under Section I of the Umbrella Liability Coverage Form of the CIC Policies.

135.    To the extent that the events which form the basis of the underlying plaintiffs' claims fall within Exclusion "B.18," the "Recall of Products, Work or Impaired Property" exclusion under Section I of the Umbrella Liability Coverage Form of the CIC Policies then no coverage will exist for said claims under Section I of the Umbrella Liability Coverage Form of the CIC Policies.

WHEREFORE, the Plaintiff, CIC, respectfully requests that this Honorable Court enter a declaratory judgment as follows against Devon International Group, Inc.:

a.    No coverage exists for Devon International Group under CIC Policy No. CPP 365 83 44 issued to Devon IT, Inc. for the defective drywall claims asserted by the Underlying Plaintiffs;

10701

b.    No coverage exists for damages relating to the repair and/or replacement of the allegedly defective drywall under CIC Policy No. CPP 365 83 38 issued to Devon International, Inc.;

c.    The claims for unjust enrichment, disgorgement of profits, and other purely economic damages asserted by certain Underlying Plaintiffs are not covered by the CIC Policies;

d.    The claims for punitive damages asserted by the Underlying Plaintiffs are not covered by the CIC Policies;

e.    The defective drywall claims alleged by the Underlying Plaintiffs in the underlying actions do not involve multiple "occurrences";

f.    In the event that it is determined that the allegedly defective drywall caused any one of the Underlying Plaintiffs to suffer "property damage" and/or "bodily injury" prior to the first CIC policy period, no "occurrence" will have taken place during the CIC Policies;

g.    In the event that it is determined that the allegedly defective drywall caused any one of the Underlying Plaintiffs to suffer "property damage" and/or "bodily injury" prior to the first CIC policy period, CIC has no obligation to indemnify Devon International Group, Inc. in the event that an Underlying Plaintiff or Co-Defendant recovers a judgment against it in the underlying actions;

h.    In the event that it is determined that the allegedly defective drywall caused any one of the Underlying Plaintiffs to suffer "property damage" and/or "bodily injury" prior to the first CIC policy period, CIC has no

10701

obligation to indemnify Devon International Group, Inc. in the event that a co-defendant recovers a judgment against it in the underlying actions;

i.   In the event that it is determined that the allegedly defective drywall caused any one of the Underlying Plaintiffs to suffer "property damage" and/or "bodily injury" prior to the first CIC policy period, no coverage exists under the CIC Policies;

j.   In the event that it is determined that the allegedly defective drywall caused the Underlying Plaintiffs to suffer "property damage" and/or "bodily injury," which was first manifested during a CIC policy period, only a single CIC policy period will be triggered;

k.   In the event that it is determined the allegedly defective drywall caused the Underlying Plaintiffs to suffer "property damage" and/or "bodily injury," which was first manifested during a CIC policy period, the maximum amount of liability coverage for covered damages, if any, under the CGL Coverage Form of CIC Policy No. CPP 365 83 38 issued to Devon International, Inc. will be $1,000,000;

l.   In the event that it is determined the allegedly defective drywall caused the Underlying Plaintiffs to suffer "property damage" and/or "bodily injury," which was first manifested during a CIC policy period, the maximum amount of liability coverage for covered damages, if any, under the Umbrella Coverage Form of CIC Policy No. CPP 365 83 38 issued to Devon International, Inc. will be $1,000,000;

10701

m.    In the event that an Underlying Plaintiff or Co-Defendant recovers a judgment against Devon International Group, Inc. in the underlying actions, CIC has no obligation to indemnify Devon International Group, Inc. for "bodily injury" and/or "property damage" which is excluded from the coverage afforded by the CIC Policies; and

n.    Grant such other relief as this Honorable Court deems appropriate.

## COUNT III – CIC VS. DEVON INTERNATIONAL INDUSTRIES, INC., f/k/a DEVON INTERNATIONAL TRADING, INC.

136.    CIC hereby incorporates Paragraphs 1 through 135, inclusive, of the within Complaint for Declaratory Judgment with the same force and effect as if fully set forth at length herein.

137.    Defendant, Devon International Industries, Inc., f/k/a Devon International Trading, Inc., is not a named insured or an insured under CIC Policy No. CPP 365 83 44 issued to Devon IT, Inc.

138.    Defendant, Devon International Industries, Inc., f/k/a Devon International Trading, Inc., is not entitled to liability coverage for the defective drywall claims under CIC Policy No. CPP 365 83 44 issued to Devon IT, Inc.

139.    Damages relating to the repair and/or replacement of the allegedly defective drywall are excluded by the coverage afforded by CIC Policy No. CPP 365 83 38 issued to Devon International, Inc.

140.    Defendant, Devon International Group, Inc., is not entitled to liability coverage under CIC Policy No. CPP 365 83 38 issued to Devon International, Inc. for damages relating to the repair and/or replacement of the allegedly defective drywall.

10701

141.    To the extent that the events which form the basis of the underlying claims against Devon International Industries, Inc., f/k/a Devon International Trading, Inc., do not arise out of an "occurrence" within the coverage afforded by the Insuring Agreement of Coverage A of Section I of the CGL Coverage form of the CIC Policies, they are not covered by Coverage A of Section I of the CGL Coverage form of the CIC Policies.

142.    To the extent that the events which form the basis of the underlying claims against Devon International Industries, Inc., f/k/a Devon International Trading, Inc., do not arise out of an "occurrence" within the coverage afforded by the Insuring Agreement of Section I – Coverage of the Umbrella Liability Coverage Form of the CIC Policies, they are not covered by Section I – Coverage of the Umbrella Coverage Form of the CIC Policies.

143.    In the event that the provisions of Subparagraphs b.(1), b.(2), and b.(3) of Paragraph 1 – Insuring Agreement of Coverage A – Bodily Injury and Property Damage Liability of Section I – Coverages of the CGL Coverage Form of the CIC Policies are not satisfied, the claims in the underlying actions are not covered by Coverage A of Section I of the CGL Coverage Form of the CIC Policies.

144.    In the event that the provisions of Subparagraphs 2.a, 2.b, 2.c, and 2.d of Paragraph A – Insuring Agreement of Section I – Coverage of the Umbrella Liability Coverage Form of the CIC Policies are not satisfied, the claims in the underlying actions are not covered by the Umbrella Liability Coverage Form of the CIC Policies.

145.    To the extent that the events which form the basis of the underlying plaintiffs' claims fall within Exclusion "2.a," the "Expected Or Intended Injury" exclusion in the Pennsylvania Amendatory Endorsement then no coverage will exist for said claims under Coverage A of Section I of the CGL Coverage Form of the CIC Policies.

10701

146.   To the extent that the events which form the basis of the underlying plaintiffs' claims fall within Exclusion "2.j(6)," the "Damage to Property" exclusion under Coverage A of Section I of the CGL Coverage Form of the CIC Policies then no coverage will exist for said claims under Coverage A of Section I of the CGL Coverage Form of the CIC Policies.

147.   To the extent that the events which form the basis of the underlying plaintiffs' claims fall within Exclusion "2.l," the "Damage to Your Work" exclusion under Coverage A of Section I of the CGL Coverage Form of the CIC Policies, then no coverage will exist for said claims under Coverage A of Section I of the CGL Coverage Form of the CIC Policies.

148.   To the extent that the events which form the basis of the underlying plaintiffs' claims fall within Exclusion "2.m," the "Damage to Impaired Property or Property Not Physically Injured" exclusion under Coverage A of Section I of the CGL Coverage Form of the CIC Policies, then no coverage will exist for said claims under Coverage A of Section I of the CGL Coverage Form of the CIC Policies.

149.   To the extent that the events which form the basis of the underlying plaintiffs' claims fall within Exclusion "2.n," the "Recall of Products, Work or Impaired Property" exclusion under Coverage A of Section I of the CGL Coverage Form of the CIC Policies then no coverage will exist for said claims under Coverage A of Section I of the CGL Coverage Form of the CIC Policies.

150.   To the extent that the events which form the basis of the underlying plaintiffs' claims fall within Exclusion "B.3," the  "Contractual Liability" exclusion, under Section I of the Umbrella Liability Coverage Form of the CIC Policies, then no coverage will exist for said claims under Section I of the Umbrella Liability Coverage Form of the CIC Policies.

10701

151.    To the extent that the events which form the basis of the underlying plaintiffs' claims fall within Exclusion "B.13," the "Expected Or Intended Injury" exclusion, under Section I of the Umbrella Liability Coverage Form of the CIC Policies, then no coverage will exist for said claims under Section I of the Umbrella Liability Coverage Form of the CIC Policies.

152.    To the extent that the events which form the basis of the underlying plaintiffs' claims fall within Exclusion "B.4," the "Damage to Impaired Property or Property Not Physically Injured" exclusion, under Section I of the Umbrella Liability Coverage Form of the CIC Policies, then no coverage will exist for said claims under Section I of the Umbrella Liability Coverage Form of the CIC Policies.

153.    To the extent that the events which form the basis of the underlying plaintiffs' claims fall within Exclusion "B.6," the "Damage to Your Product" exclusion, under Section I of the Umbrella Liability Coverage Form of the CIC Policies, then no coverage will exist for said claims under Section I of the Umbrella Liability Coverage Form of the CIC Policies.

154.    To the extent that the events which form the basis of the underlying plaintiffs' claims fall within Exclusion "B.7," the "Damage to Your Work" exclusion, under Section I of the Umbrella Liability Coverage Form of the CIC Policies, then no coverage will exist for said claims under Section I of the Umbrella Liability Coverage Form of the CIC Policies.

155.    To the extent that the events which form the basis of the underlying plaintiffs' claims fall within Exclusion "B.18," the "Recall of Products, Work or Impaired Property" exclusion under Section I of the Umbrella Liability Coverage Form of the CIC Policies then no coverage will exist for said claims under Section I of the Umbrella Liability Coverage Form of the CIC Policies.

10701

WHEREFORE, the Plaintiff, CIC, respectfully requests that this Honorable Court enter a declaratory judgment as follows against Devon International Industries, Inc., f/k/a Devon International Trading, Inc.:

a.     No coverage exists for Devon International Industries, Inc., f/k/a Devon International Trading, Inc., under CIC Policy No. CPP 365 83 44 issued to Devon IT, Inc. for the defective drywall claims asserted by the Underlying Plaintiffs;

b.     No coverage exists for damages relating to the repair and/or replacement of the allegedly defective drywall under CIC Policy No. CPP 365 83 38 issued to Devon International, Inc.;

c.     The claims for unjust enrichment, disgorgement of profits, and other purely economic damages asserted by certain Underlying Plaintiffs are not covered by the CIC Policies;

d.     The claims for punitive damages asserted by the Underlying Plaintiffs are not covered by the CIC Policies;

e.     The defective drywall claims alleged by the Underlying Plaintiffs in the underlying actions do not involve multiple "occurrences";

f.     In the event that it is determined that the allegedly defective drywall caused any one of the Underlying Plaintiffs to suffer "property damage" and/or "bodily injury" prior to the first CIC policy period, no "occurrence" will have taken place during the CIC Policies;

g.     In the event that it is determined that the allegedly defective drywall caused any one of the Underlying Plaintiffs to suffer "property damage"

10701

and/or "bodily injury" prior to the first CIC policy period, CIC has no obligation to Devon International Industries, Inc., f/k/a Devon International Trading, Inc., in the event that an Underlying Plaintiff or Co-Defendant recovers a judgment against it in the underlying actions;

h.    In the event that it is determined that the allegedly defective drywall caused any one of the Underlying Plaintiffs to suffer "property damage" and/or "bodily injury" prior to the first CIC policy period, CIC has no obligation to indemnify Devon International Industries, Inc., f/k/a Devon International Trading, Inc., in the event that a co-defendant recovers a judgment against it in the underlying actions;

i.    In the event that it is determined that the allegedly defective drywall caused any one of the Underlying Plaintiffs to suffer "property damage" and/or "bodily injury" prior to the first CIC policy period, no coverage exists under the CIC Policies;

j.    In the event that it is determined that the allegedly defective drywall caused the Underlying Plaintiffs to suffer "property damage" and/or "bodily injury," which was first manifested during a CIC policy period, only a single CIC policy period will be triggered;

k.    In the event that it is determined the allegedly defective drywall caused the Underlying Plaintiffs to suffer "property damage" and/or "bodily injury," which was first manifested during a CIC policy period, the maximum amount of liability coverage for covered damages, if any, under the CGL

10701

Coverage Form of CIC Policy No. CPP 365 83 38 issued to Devon International, Inc. will be $1,000,000;

l.    In the event that it is determined the allegedly defective drywall caused the Underlying Plaintiffs to suffer "property damage" and/or "bodily injury," which was first manifested during a CIC policy period, the maximum amount of liability coverage for covered damages, if any, under the Umbrella Coverage Form of CIC Policy No. CPP 365 83 38 issued to Devon International, Inc. will be $1,000,000;

m.    In the event that an Underlying Plaintiff or Co-Defendant recovers a judgment against Devon International Industries, Inc., f/k/a Devon International Trading, Inc., in the underlying actions, CIC has no obligation to indemnify Devon International Industries, Inc., f/k/a Devon International Trading, Inc., for "bodily injury" and/or "property damage" which is excluded from the coverage afforded by the CIC Policies; and

n.    Grant such other relief as this Honorable Court deems appropriate.

## COUNT IV – CIC VS. DEVON IT, INC., DEVON INTERNATIONAL, INC., DEVON INTERNATIONAL GROUP, INC., and DEVON INTERNATIONAL INDUSTRIES, INC., f/k/a DEVON INTERNATIONAL TRADING, INC.

156.    CIC hereby incorporates Paragraphs 1 through 155, inclusive, of the within Complaint for Declaratory Judgment with the same force and effect as if fully set forth at length herein.

157.    Defendants, Devon International, Inc., Devon International Group, Inc., and Devon International Industries, Inc., f/k/a Devon International Trading, Inc., have demanded that

CIC provide coverage to them under CIC Policy No. CPP 365 83 44 issued to Devon IT, Inc. for the defective drywall claims asserted in the underlying actions.

158.    To date, Devon IT, Inc. is not a named defendant in the underlying actions.

159.    No coverage exists under CIC Policy No. CPP 365 83 44 issued to Devon IT, Inc. for the defective drywall claims asserted against Defendants, Devon International, Inc., Devon International Group, Inc., and Devon International Industries, Inc., f/k/a Devon International Trading, Inc., because they are neither named insureds nor insureds under CIC Policy No. CPP 365 83 44 issued to Devon IT, Inc.

160.    In the event that it is determined that coverage does exist under CIC Policy No. CPP 365 83 44 issued to Devon IT, Inc. for the defective drywall claims, the maximum amount of liability coverage for covered damages, if any, under the CGL Coverage Form of CIC Policy No. CPP 365 83 44 issued to Devon IT, Inc. will be $1,000,000.

161.    In the event that it is determined that coverage does exist under CIC Policy No. CPP 365 83 44 issued to Devon IT, Inc. for the defective drywall claims, the maximum amount of liability coverage for covered damages, if any, under the Umbrella Coverage Form of CIC Policy No. CPP 365 83 44 issued to Devon IT, Inc. will be $1,000,000.

WHEREFORE, the Plaintiff, CIC, respectfully requests that this Honorable Court enter a declaratory judgment as follows against Devon, IT, Inc., Devon International, Inc., Devon International Group, Inc., and Devon International Industries, Inc., f/k/a Devon International Trading, Inc.:

a.    No coverage exists for Devon International, Inc., Devon International Group, Inc., and Devon International Industries, Inc., f/k/a Devon International Trading, Inc., under CIC Policy No. CPP 365 83 44 issued to

10701

Devon IT, Inc. for the defective drywall claims asserted by the Underlying Plaintiffs;

b.   In the event that it is determined that coverage does exist under CIC Policy No. CPP 365 83 44 issued to Devon IT, Inc. for the defective drywall claims, the maximum amount of liability coverage for covered damages, if any, under the CGL Coverage Form of CIC Policy No. CPP 365 83 44 issued to Devon IT, Inc. will be $1,000,000;

c.   In the event that it is determined that coverage does exist under CIC Policy No. CPP 365 83 44 issued to Devon IT, Inc. for the defective drywall claims, the maximum amount of liability coverage for covered damages, if any, under the Umbrella Coverage Form of CIC Policy No. CPP 365 83 44 issued to Devon IT, Inc. will be $1,000,000; and

d.   Grant such other relief as this Honorable Court deems appropriate.

CARPENTER MCCADDEN & KANE, L.L.P.

By:    s/ Michael J. McCadden
       Michael J. McCadden, Esquire
       Pa. I.D. No. 41304
       106 Chesley Drive, Second Floor
       Media PA 19063
       Phone:        (610) 627-9066
       Facsimile:    (610) 627-9717
       Email:        mmccadden@cml-law.net